Dugbo, J.
This is an appeal from a j udgment entered upon a dismissal of the complaint at the trial.
The action is for . damages alleged to have been sustained by plaintiff in relying and acting upon the false and fraudulent representations of the defendant.
The representations alleged to have been made are set forth in the first paragraph of the complaint, which is as follows:
“ 1. That on the 4th day of April, 1889, at the city of Hew York, the defendant being engaged in business as seller of soda and. mineral -waters, and having offered to sell out the apparatuses, fountains and other utensils and fixtures of his said business, to the plaintiff, did, with intent to deceive and defraud the plaintiff, enter upon an agreement with him and thereafter, to wit, on the 18th day of May, 1889, the said defendant executed and delivered a bill of sale to the plaintiff, pursuant to said agreement, copies of which said agreement and bill of sale are hereunto annexed and form part of this complaint, wherein and whereby the defendant falsely and fraudulently represented to the plaintiff that the said apparatus, fountains and other utensils and fixtures were in perfectly good order and condition, and the defendant furthermore falsely and fraudulently represented to plaintiff that with *246 the said apparatus and other equipments of said business as aforesaid, the said business as theretofore conducted by defendant was-a profitable business and that he, the defendant, had realized considerable net profits from, said business up to the time when the aforesaid agreement was entered upon as aforesaid.”
It will be seen that three distinct false and fraudulent representations are alleged to have been made. In substance, the first is, “that the defendant, in April last, entered into an agreement, with the plaintiff to sell a certain business, etc., and thereafter,, pursuant to said agreement, executed and delivered a bill of sale-to the plaintiff, wherein and whereby the defendant falsely and fraudulently represented to the plaintiff that certain apparatuses, fountains and other utensils and fixtures were in perfectly good, order and condition."
The second is “ that the defendant represented to plaintiff that with the apparatuses and equipments of a certain soda water business the said business as theretofore conducted by defendant was a profitable business.”
The third is, “that defendant had realized considerable net. profits from the business up to the time' when the agreement of. sale was entered into.”
As to the representation first alleged to have been made, it will be observed that it is confined to such as appears in the agreement and bill of sale. The words “wherein and whereby” can only refer to these papers. An examination of them fails to disclose any such representation as is charged to be contained in them. So far as regards this alleged representation, the evidence is that it was not made in and by the papers referred to.
As to the second and third representations there is no evidence in the case that they were made, nor is there any evidence that, if made, they were false.
From the whole case it seems not improbable that the plaintiff spoke truly when upon cross-examination he said, “ What I really relied on in all these matters was the promise by Mr. Parker that he would put those things in good condition."
The complaint was not dismissed on the merits. The judgment should, therefore, be modified by striking out the words “ on the merits ” where they appear therein, and as so modified it is affirmed, with costs.
Truak, J., concurs.